## No. 1079.

### THE STATE OF LOUISIANA VS. JAMES MUNSTON.

*Admissions and confessions may be implied from the acquiescence of the defendant in the statements of others made in his presence, when the circumstances are such as afford him an opportunity to act or speak, and would naturally call for some action or reply from a person similarly situated; hence, in this case, where it is not shown that the accused was in actual custody, when accused of the commission of a crime, the following charge is not only correct, but extremely liberal to the accused: " standing silent when accused out of court is not presumed as a confession of guilt, but remaining silent when accused of the commission of a crime is a circumstance which, like others, must be considered and weighed by the jury."*

*An indictment framed in compliance with the provisions of Section 1048, Revised Statutes, need not state the means by which death was inflicted, and need not comply with the common law forms of indictments. State vs. Bartley, 34 An. 147; State vs. Granville, 34 An. 1088, reaffirmed.*

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

---

*F. G. Hudson*, District Attorney, for the State, Appellee.

*J. H. Dinkgrave* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J.   Appealing from a conviction of manslaughter, the defendant presents to our consideration two bills of exception and a motion in arrest of judgment.

1.   At the request of his counsel, the Judge charged the jury as follows : " standing silent when accused out of court is not presumed as a confession of guilt," and added that " remaining silent when accused of the commission of a crime was a circumstance which, like others, they might consider and weigh."

The complaint is, that the qualification of the charge, as suggested

by the defendant, virtually destroyed all the effect of the instruction, and was injurious to him.

The accused did not object to the admission of the testimony on this point, and he cannot complain that the Judge should instruct the jury to weigh and consider the evidence thus admitted. All evidence when introduced must be considered by the jury. The established rule in criminal jurisprudence on this kind of evidence is, that "admissions and confessions may be implied from the acquiescence of the defendant in the statement of others, made in his presence, when the circumstances are such as to afford him an opportunity to act or to speak, and would naturally call for some action or reply from a person similarily situated." Waterman's U. S. Crim. Digest, Sections 131, 132, 133, 134, 135, 137.

The denial of a charge which may be injurious to one is the first prompting of the human heart, even when the charge is true; hence, Peter himself did not hesitate to deny his master when accused by the servant to be one of them. The rule has the sanction of unvarying human experience, and is uniformly applied by the courts with the only restriction, that an accused in actual custody is not supposed to be surrounded by circumstances such as to afford him an opportunity to act or to speak.

Such were the circumstances in which we found the accused, in the case of State vs. Diskin, 34 An. 919, and hence, we there held that he was not concluded by his silence when charged with the commission of the crime of murder.

The great reliance which the defendant places on the ruling of that case cannot avail him, for he does not even pretend that when accused he was in custody, and we infer from the charge which he asked that he was not.

In support of his position counsel for the accused quotes the following sentence from our opinion in the Diskin case: "he has the undoubted right to keep silence as to the crime with which he is charged, and is not called upon to reply to or contradict such statements." Taken as an isolated proposition that language would seem to favor counsel's contention, but its effect in that direction is completely destroyed by the preceding sentence, which counsel accidentally omitted to quote, and which reads as follows: "mere silence, while a party is *held in custody* under a criminal charge, affords no inference whatever of acquiescence in statements of others made in his presence." We think that the charge as given by the Judge was extremely liberal to the accused, and that it effectually silences his complaint.

112

State vs. Munston.

2. The second charge asked by the accused was: "that if the jury believe, from the facts before them, that anyone else than accused could have committed the deed, they will acquit." In lieu of which the Judge gave the following charge: "the jury must be satisfied from the testimony and circumstances developed in the case that the deceased came to his death from the violence and injuries inflicted upon him by the accused, and they should be satisfied of those facts beyond any reasonable doubt; that if they entertained after consideration a reasonable doubt as to the guilt of the accused, they should acquit him."

The charge suggested by defendant is sanctioned by neither law nor authority, while that of the Judge substantially embraces the sound rule of criminal practice, consecrated by an unbroken line of decisions in England, in our sister States and in our own jurisprudence.

The charge must be taken as a whole, and when thus construed, it is apparent that the instruction is not amenable to the criticism to which it is subjected by defendant's counsel. It does not in our minds justify the complaint, that it led the jury to believe that, in the opinion of the Judge, violence and injuries had been shown to have been inflicted on the deceased by the accused. Such a construction can only result from the laudable zeal of counsel whose "wish is father to the thought." Hence, we conclude that the bill has no force.

3. The complaint incorporated in the motion in arrest is levelled at the form of the indictment, because it does not detail the means by which death was inflicted. It charges that the accused " with force and arms in and upon one William Jones, a person in the peace of the State of Louisiana, then and there being, wilfully and feloniously did make an assault, and him the said William Jones, he the said James Munston did then and there wilfully and feloniously kill and slay," etc., and is in strict and literal compliance with the form prescribed by Section 1048 of our Revised Statutes. The common law authorities quoted by defendant's counsel have no possible application as a test for the form of pleadings, which comply with our own legislation. This is no longer an open question, it was forever set at rest by the decisions in the cases of State vs. Bartley, 34 An. 147, and State vs. Granville, 34 An. 1088.

Our conclusion is, that the defendant has had a fair and impartial trial, and that his complaints are groundless.

Judgment affirmed.